UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-14084-MARRA/LYNCH

UNITED STATES OF AMERICA,

v.

JOHN MACARI,

      Defendant.
_____/

GOVERNMENT'S MOTION TO ENTER FINAL RESTITUTION ORDER

THE UNITED STATES OF AMERICA, through the undersigned Assistant United States Attorney, moves this Court, pursuant to the Mandatory Victim Restitution Act and the Victim Witness Protection Act, to enter a final order of restitution in this case and in support thereof states as follows:

I.     INTRODUCTION

1.     Defendant John Macari pled guilty in this case to one count of wire fraud as charged in an information. He did so pursuant to an agreement with the United States which agreement required that he cooperate with the United States in its continuing investigation in this case and in which he stipulated to having knowingly and intentionally engaged in a fraudulent scheme along with George Manter and others. As a part of that plea agreement, defendant Macari agreed to be jointly and severally liable to the victims in this case for the amount of $1,600,000.

2.     As the result of the fraudulent scheme perpetrated by Macari and Manter, approximately thirty victims thereof suffered net losses totaling $1,911,150. Of that amount,



Macari pocketed approximately $1,00,000.[1]

3.      On September 16, 2005, Macari appeared before this for sentencing in this cause. At that hearing, this Court thereafter imposed a sentence of the advisory guideline range, that is, nine (9) months in prison, a three year term of supervised release, plus restitution. This Court set a hearing for December 9, 2005, for finalizing issues relating to restitution.[2]

4.      Prior to the sentencing hearing on September 16, 2005, Macari stipulated to the sale of his personal residence and that the proceeds of that sale would be applied towards satisfaction of the restitution order to be entered by this Court at the restitution hearing on December 9, 2005. This Court accepted that stipulation and made the terms and conditions thereof part of its judgment and conviction order.

5.      According to information obtained from Richard Lubin, Macari's attorney, Macari's residence was recently appraised in November 2005 at $750,000. He further advises that the pay-off of the existing mortgage on the property as of November 14, 2005, was $325,591.35. The government has received no written confirmation of that information from the defendant or information concerning the current balance of the note on the residence.

6.      The defendant, through defense counsel, has offered to re-finance his residence and thereby liquidate his equity therein in order to satisfy a portion of his restitution

---

[1] The gross amount that Macari and his co-conspirator, George Manter, realized as proceeds from the instant fraud was $3,164,950. Of that amount, the government's analysis shows that Manter paid $1,000,712 to Macari and $230,000 to John and Jeanmarie Juncal. The evidence also reveals that Manter refunded a total of $1,253,800 to a total of four investors.

[2] This Court later re-scheduled the hearing date to December 8, 2005.

obligation in this case. In advancing that offer, he has also sought to have the government agree (1) to a market value of the residence of $720,000 (as opposed to the appraised value of $750,000), and (2) to credit against his equity in the house the cost of re-financing the residence as well as the savings that would be realized from avoiding an actual sale of the house, that is, real estate broker's commission in the amount of $43,200.00 and title insurance in the amount of $3,500.00. The foregoing is set forth in a letter from the defendant to his attorney dated November 14, 2005, a copy of which was provided to the undersigned by defense counsel. See Appendix A.

7.      Recognizing the advantages to both parties of avoiding a forced sale of the house, the government has agreed to stipulate to a market value of $720,000.00 but will not agree to credits for the defendant for any other amounts. Accordingly, based on the foregoing figures, the government has stipulated that the defendant's equity in the residence is $394,408.65 and that no sale of the residence will be necessary if he immediately pays that amount towards his restitution obligation See Appendix B.

## II.     LIST OF VICTIMS AND LOSS AMOUNTS

The United States hereby submits the following list of victims and their respective loss amounts in this case:[3]

| | | |
|---|---|---|
| 1. | David Bowen | $ 50,000 |
| 2. | Darryl A. Brooks | $ 50,000 |

---

[3] The victim and loss information that the U. S. Attorney's Office made available to the United States Probation Officer did not include credits against loss to which Macari is entitled in light of refunds that were made to investors by his co-conspirator, George Manter. The information set forth herein includes such credits.

3

| | | |
|---|---|---|
| 3. | David Hamilton | $ 25,000 |
| 4. | Kelly Shane Schmidt | $ 175,000 |
| 5. | Lisa Marie (Davis) Welter | $ 25,000 |
| 6. | Gary D. Combrink/Curt Johnson | $ 50,000 |
| 7. | Johnny L. Hector | $ 100,000 |
| 8.. | Nathan Dwayne Hossley | $ 100,000 |
| 9. | Adam Koffler | $ 10,000 |
| 10. | Sunil Kumar | $ 12,500 |
| 11. | Dr. Robert W. Mashburn | $ 50,000 |
| 12. | Dr. Malcom Monlezun (Rhema Foundation) | $ 535,000 |
| 13. | Dr. Robert and Jackie Richards | $ 50,000 |
| 14. | Vincent and Joseph Wagner | $ 500,000 |
| 15. | Pedro R. Ceballos, Frank E. Galdamez, Pedro Quintanilla, Juan C. Nader, Adriano Montano, Pablo Rivera, Angel and Lucy Porven, Elio and Amanda Rojas | $ 180,000 |
| | **NET TOTAL LOSSES** | **$1,912,500** |

### III. CONCLUSION AND REQUEST FOR RELIEF

Based on the foregoing information, the government requests that the Court enter a restitution order in this case requiring the following:

1. that defendant Macari may elect to remain in the residence if, within 15 days of the date of this order, he pays to the USAO by bank check the amount of $394,408.65, which amount the Court finds to represent the defendant's current equity in that residence;

2. that the foregoing amount shall be paid to the victims identified above on a *pro*

*rata* basis determined by each victim's total loss compared to the full amount of loss;

    3.    that, if the defendant fails to pay the foregoing amount to the USAO within 15 days from the date of this order, he shall, on or before the fifteenth day following this order, list for sale with a licensed real estate broker his residence at 127 North River Drive West, Jupiter, Florida, at fair market value as directed by and under the supervision of the United States Attorney's Office, Southern District of Florida (hereafter "USAO"), contact person: Elizabeth Stein, Assistant United States Attorney, telephone number: 305-961-9313;

    4.    that any contract for sale and purchase of the residence shall be made available for review by the USAO prior to execution and may not be executed absent approval of the USAO, which approval shall not be unreasonably withheld;

    5.    that the defendant shall vacate the residence, leaving same in a reasonably clean and maintained condition, no later than five days prior to the closing date set forth in that contract.

    6.    that the net proceeds of the sale of the defendant's residence shall be transferred in the form of a bank check to the USAO, which amount shall be paid to the victims identified above on a *pro rata* basis determined by each victim's total loss compared to the full amount of loss; and

    7.    that the defendant shall be ordered to pay the balance of the restitution owed to the victims in accordance with the analysis and recommendations made by the United States Probation Office.

    8.    On December 6, 2005, the undersigned Assistant United States Attorney sent a facsimile transmission to defense counsel office setting forth the details of the above counter-

proposal and, on December 7, 2005, attempted to reach him to discuss this motion prior to filing it with the court. At the time of that call, however, defense counsel was unavailable and no return call was received by this writer.

                        Respectfully submitted,

                        R. ALEXANDER ACOSTA
                        UNITED STATES ATTORNEY

By: _____
     James G. McAdams, III
     Senior Litigation Counsel
     Florida Bar No. 328839
     505 South 2nd Street, Suite 200
     Fort Pierce, FL 34950
     Tel:   772-466-0899
     Fax:  772-595-3606
     Email: jim.mcadams@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by facsimile transmission this 7th day of December, 2005, to:

Richard Lubin, Esq.
1217 S. Flagler Drive
West Palm Beach, FL 33401
**FAX: 561-655-2182**

                        _____
                        James G. McAdams, III
                        Senior Litigation Counsel